UNITED STATES DISTRICT COURT   JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05235-RGK-JC | Date | September 16, 2024 |
|---|---|---|---|
| Title | *Amaliya Gevorkyan v. BMW Financial Services NA, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS) Order Re: Motion to Remand [DE 18]

## I.   INTRODUCTION

On November 27, 2023, Amaliya Gevorkyan ("Plaintiff") filed a Complaint in state court against BMW Financial Services NA, LLC ("Defendant") and Finchey Corporation of California (the "Dealership"), asserting claims for: (1) fraud and deceit; (2) breach of implied covenant of good faith and fair dealing; (3) violation of Business and Professions Code §§ 17200, et seq.; (4) violation of Business and Professions Code §§ 17500, et seq.; and (5) violation of the California Consumer Legal Remedies Act. (ECF No. 1-1.)  The claims arise from a dispute over the terms of a lease agreement.

On May 29, 2024, the Dealership was dismissed from the action. Consequently, on June 21, 2024, Defendant removed the action to federal court based on diversity jurisdiction. (ECF No. 1.) On July 21, 2024, Plaintiff filed a request to dismiss her fraud and deceit claim as well as strike her request for punitive damages, which the Court granted on July 25, 2024. (ECF Nos. 9, 20.)

On July 23, 2024, Plaintiff filed the instant Motion to Remand. (ECF No. 18.) For the following reasons, the Court **GRANTS** the Motion.

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following facts in her Complaint:

On September 27, 2019, Plaintiff went to the Dealership to lease a new 2019 BMW X1 SDrive28i Coupe (the "Vehicle"). During the lease negotiations, the Dealership represented that monthly lease payments would be deducted from the principal balance, allowing Plaintiff to build equity in the Vehicle, and that Plaintiff may elect to purchase the Vehicle for its residual value.

These representations later turned out to be false. On March 20, 2022, the Vehicle was deemed a total loss following a car accident. On May 4, 2022, State Farm issued an insurance payout of

UNITED STATES DISTRICT COURT　　　　JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05235-RGK-JC | Date | September 16, 2024 |
|---|---|---|---|
| Title | *Amaliya Gevorkyan v. BMW Financial Services NA, LLC* | | |

$34,326.56 exclusively to Defendant. At the time of the accident, Plaintiff built 12,375.84 worth of equity in the Vehicle resulting from her monthly lease payments. Defendant refused to remit the equity from the $34,326.56 payout to Plaintiff.

### III.　　JUDICIAL STANDARD

Under 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). When a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." Id. at 566.

### IV.　　DISCUSSION

Although the Complaint affirmatively alleges an amount in controversy, the Court rejects the calculation of damages from which it results, and finds this jurisdictional requirement lacking.

The amount in controversy requirement is "presumptively satisfied" when the complaint clearly alleges an amount in controversy greater than $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). To defeat removal in such cases, the removing must prove to a "legal certainty" that amount in controversy cannot possibly exceed the jurisdictional threshold. *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).

Here, the Complaint explicitly sought recovery in the amount $124,379.23. (Compl. ¶ 141.) In this manner, Plaintiff provided an unambiguous amount in controversy that presumptively satisfied the jurisdictional requirement for removal. However, this presumption falls short because upon review of the pleadings, it appears legally certain that the amount in controversy falls below the jurisdictional minimum.

Plaintiff's initial calculation of damages is misguided and incongruent with the claim presented. Plaintiff's $124,379.23 figure appears to be the sum of actual damages at $12,375.84, plus punitive damages worth nine times the actual damages at $111,382.56, and costs at $620.83. The underlying claims, however, do not warrant a punitive damages award worth nine times the actual damages. The Court finds no authority to support such an incredible award. Excluding this absurd award, Plaintiff's

UNITED STATES DISTRICT COURT                           JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-05235-RGK-JC | Date | September 16, 2024 |
|---|---|---|---|
| Title | *Amaliya Gevorkyan v. BMW Financial Services NA, LLC* | | |

remaining damages fall well short of the $75,000 threshold. Thus, it was legally certain that the pleadings at the time of removal could not yield an amount in controversy over $75,000, and the Court therefore lacks subject matter jurisdiction over this action.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand.

**V.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion, and **REMANDS** the matter to state court.

**IT IS SO ORDERED.**


cc: LASC, 23GDCV02496

|  | : |
|---|---|
| Initials of Preparer | JRE/sf |